ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

Amber Dutton-Bynum
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 200044-7611
Tel: (202) 305-0465
Amber.Dutton-Bynum@usdoj.gov

Michelle Ramus
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 200044-7611
Tel: (202) 514-2598
Michelle.Ramus@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVIS GONZALES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> Defendants. | Case No. 2:24-cv-01629-GMN-DJA |

**JOINT PROPOSED SCHEDULING ORDER**

Pursuant to Civil Local Rule 16-1, the Parties have conferred and negotiated the following agreed proposed scheduling order.

This is a case seeking judicial review under the Administrative Procedure Act ("APA") as well as declaratory relief. The original Plaintiff Joseph Holley, individually and purportedly

1

on behalf of the Te-Moak Tribe of Western Shoshone Indians ("the Tribe"), filed the original complaint on September 4, 2024. ECF No. 1.

Plaintiffs Davis Gonzales, individually and purportedly on behalf of the Tribe, and the Tribe's Housing Authority (collectively, "Plaintiffs") filed an Amended Complaint on January 6, 2025. ECF No. 59. In the Amended Complaint, Plaintiffs seek this Court's review under the APA and reversal of the Assistant Secretary-Indian Affairs' ("AS-IA") decision issued on November 27, 2024, which resolved consolidated appeals from decisions issued by the Regional Director of the Western Region for the BIA ("Regional Director") and the Director of the BIA ("Director"). Am. Compl. ¶¶ 123–34. Plaintiffs challenge the AS-IA's decision recognizing the interim Tribal leadership to conduct the 2024 Tribal elections and determining those elections (which had occurred on October 12, 2024) mooted the appeals. *Id.* at ¶ 127–29. They also challenge the AS-IA's decision affirming the finding that the Tribe lacked a valid Tribal Court thereby necessitating a transfer of judicial jurisdiction from the Tribal Court to the Court of Indian Offenses (also known as the CFR Court). *Id.* at ¶ 129. On April 7, 2025, Federal Defendants, United States Department of the Interior ("Interior") and Bureau of Indian Affairs ("BIA") (collectively, "Federal Defendants"), answered the Amended Complaint. ECF No. 76.

As is typical in cases challenging agency action under the APA, the Parties agree that summary judgment merits briefing should follow an initial period in which Federal Defendants provide their administrative record and allow Plaintiffs a period in which to file motions regarding supplementation of the record, whether the Court should consider extra-record evidence, or whether the Court should allow discovery.

Because the case should be resolved on summary judgment based on the Federal Defendants' administrative record, and any other evidence permitted under the applicable standards, following appropriate motions practice on such additional evidence, the Parties do not believe the Court's standing scheduling order form should apply because it anticipates proceedings such as expert reports and pretrial filings which are not necessary in this case. Instead, the Parties here propose an initial schedule for lodging the administrative record and for

2

resolving issues related to the administrative record before the parties begin summary judgment briefing.

Therefore, the Parties respectfully request the Court enter the following schedule:

**A.    Time for Serving Certified Record.**

(1) Federal Defendants are to serve the certified administrative record upon Plaintiffs and Defendant McDade and file a Notice of Filing and the Administrative Record with the Court by **June 2, 2025**.

**B.    Schedule for Briefing on the Scope of the Record.**

In the event Plaintiffs file a motion challenging the scope of the administrative record, seeking for the Court to consider extra-record evidence, or seeking discovery:

(1) Such motion shall be filed by **July 14, 2025**. The filing of any such motion shall have the effect of vacating the summary judgment briefing schedule set forth below and the parties will propose a new schedule within fourteen days of the Court's ruling on the record/discovery motion.

(2) Federal Defendants shall file a response to any record/discovery motion by **July 28, 2025**.

(3) Any reply in support of a record/discovery motion shall be filed by **August 4, 2025**.

**C.    Schedule for Merits Briefing Absent Motion(s) Challenging the Record.**

In the event Plaintiffs do not file a motion challenging the scope of the administrative record, seeking for the Court to consider extra-record evidence or seeking discovery:

(1) Plaintiffs shall file their combined motion for summary judgment by **July 30, 2025**.

(2) Federal Defendants and Defendant McDade shall each file their respective consolidated cross-motion for summary judgment and response to Plaintiffs' combined motion for summary judgment by **August 29, 2025**. The parties agree to an expanded page limit of 45 pages due to the consolidated briefing.

(3) Plaintiffs shall file a consolidated response and reply to each respective consolidated cross-motion for summary judgment by **September 29, 2025**. The parties agree to an expanded page limit of 45 pages due to the consolidated briefing.

3

(4) Federal Defendants and Defendant McDade shall each file their respective reply in support of their cross-motion for summary judgment by **October 14, 2025**.

Respectfully submitted,

| | |
|---|---|
| DATED this 20th day of May, 2025. | DATED this 20th day of May, 2025. |
| SEMENZA RICKARD LAW | THE LAW OFFICES OF CHARLES R. ZEH, ESQ. |
|  /s/ Jarrod L. Rickard |  /s/ Charles R. Zeh |
| Jarrod L. Rickard, Esq., Bar No. 10203 | Charles R. Zeh, Esq., Bar No. 1739 |
| 10161 Park Run Drive, Ste. 150 | Pete Cladianos III, Esq., Bar No. 8406 |
| Las Vegas, Nevada 89145 | 50 West Liberty Street, Suite 950 |
| & | Reno, NV 89501 |
| JOHN W. MUIJE & ASSOCIATES | *Attorneys for Plaintiff the Housing Authority of the Te-Moak Tribe of Western Shoshone Indians of Nevada* |
| John W. Muije, Esq., Bar No. 2419 | |
| 3216 Lone Canyon Court | |
| N. Las Vegas, NV 89031 | |
| *Attorneys for Plaintiff Davis Gonzales, et al.* | |

DATED this 20th day of May, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

 /s/ Michelle Ramus
Michelle Ramus
&
Amber Dutton-Bynum
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 200044-7611

SIGAL CHATTAH, Nevada Bar No. 8264
United States Attorney, District of Nevada
KARISSA D. NEFF, Nevada Bar No. 9133
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
*Counsel for Defendants*

DATED this 20th day of May, 2025.

 /s/ Steven Joseph McDade
Steven Joseph McDade
TeMoak Prosecutor
PO Box 2568
Elko, NV 89801
*Defendant*

**IT IS SO ORDERED**.

DATED: 5/22/2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

4