SEMENZA RICKARD LAW
Jarrod L. Rickard, Esq., Bar No. 10203
10161 Park Run Drive, Ste. 150
Las Vegas, Nevada 89145
Telephone:  702-835-6803
Email:  jlr@semenzarickard.com

JOHN W. MUIJE & ASSOCIATES
John W. Muije, Esq., Bar No. 2419
3216 Lone Canyon Court
North Las Vegas, NV 89031
Telephone:  702-386-7002
Email: jmuije@muijelawoffice.com

THE LAW OFFICES OF CHARLES R. ZEH, ESQ.
Charles R. Zeh, Esq., Bar No. 1739
50 West Liberty St., Suite 950
Reno, NV 89501
Telephone:  775-323-5700
Email: crzeh@aol.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVIS GONZALES individually and on behalf of THE TE-MOAK TRIBE OF WESTERN SHOSHONE INDIANS OF NEVADA as Tribal Council Chairman; THE HOUSING AUTHORITY OF THE TE-MOAK TRIBE OF WESTERN SHOSHONE INDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; BRYAN NEWLAND, as Assistant Secretary – Indian Affairs; STEVEN MCDADE,<br><br>Defendants. | Case No.  2:24-cv-01629-GMN-DJA<br><br>**PLAINTIFFS' PARTIALLY UNOPPOSED MOTION TO CONTINUE DEADLINE TO FILE MOTION CHALLENGING SCOPE OF ADMINISTRATIVE RECORD**<br><br>**(Seeks Modification of ECF No. 81)**<br>**(First Request)** |

1

Plaintiffs Davis Gonzales individually and on behalf of the TeMoak Tribe of Western Shoshone Indians of Nevada as Tribal Council Chairman; and the TeMoak Tribe of Western Shoshone Indians (collectively, "Plaintiffs"), by and through their undersigned counsel of record, hereby seek an order modifying the Court's Scheduling Order (ECF No. 81) to continue the July 14, 2025, deadline for any motion challenging the scope of the administrative record by two weeks. If granted, the new deadline would be **July 28, 2025**. Additionally, Plaintiffs seek a corresponding extension the deadline for the Federal Defendants to file their Response to any such motion to **August 14, 2025**, and the deadline for any Reply to **August 21, 2025**.

Federal Defendants have confirmed that they have no opposition to this request provided that the Response deadline is moved to August 14, 2025, and that that in the event Plaintiffs do not file a motion challenging the scope of the administrative record by July 28, 2025, the remainder of the schedule (Section C of the Scheduling Order) will remain in place. Plaintiffs have consented to these conditions.

Defendant Steven McDade has stated that he objects to the request on the grounds that it will delay these proceedings.

## I.   BACKGROUND

As set forth in the Stipulated Discovery Plan and Scheduling Order (ECF No. 80), this is a case seeking judicial review under the Administrative Procedure Act ("APA") as well as declaratory relief. The original Plaintiff Joseph Holley, individually and purportedly on behalf of the Te Moak Tribe of Western Shoshone Indians ("the Tribe"), filed the original complaint on September 4, 2024. (ECF No. 1.)

Plaintiffs filed an Amended Complaint on January 6, 2025. (ECF No. 59.) In the Amended Complaint, Plaintiffs seek this Court's review under the APA and reversal of the Assistant Secretary-Indian Affairs' ("ASIA") decision issued on November 27, 2024, which resolved consolidated appeals from decisions issued by the Regional Director of the Western Region for the BIA ("Regional Director") and the Director of the BIA ("Director"). Plaintiffs challenge the ASIA's decision recognizing the interim Tribal leadership to conduct the 2024 Tribal elections and determining those elections (which had occurred on October 12, 2024)

mooted the appeals. They also challenge the ASIA's decision affirming the finding that the Tribe lacked a valid Tribal Court thereby necessitating a transfer of judicial jurisdiction from the Tribal Court to the Court of Indian Offenses (also known as the "CFR Court"). On April 7, 2025, Federal Defendants, United States Department of the Interior ("Interior") and Bureau of Indian Affairs ("BIA") (collectively, "Federal Defendants"), answered the Amended Complaint. (ECF No. 76).

Pursuant to the Stipulated Discovery Plan and Scheduling Order, the Parties agreed that summary judgment merits briefing should follow an initial period in which Federal Defendants provide their administrative record and allow Plaintiffs a period in which to file motions regarding supplementation of the record, whether the Court should consider extra-record evidence, or whether the Court should allow discovery.

## II.     GOOD CAUSE SUPPORTS GRANTING THE EXTENSION

On June 2, 2025, the Federal Defendants provided a link to the administrative record and filed a Notice of Service with the Court. (ECF No. 82.) Since receiving the administrative record, Plaintiffs have diligently sought to make their way through it. However, the record is very large, consisting of over two hundred documents and three thousand pages of documents. Given the size, Plaintiffs have yet to review the entire record, despite their efforts.

Adding to this delay, counsel for Plaintiffs are simultaneously prosecuting the election challenge case expressly authorized by the ASIA's decision in the CFR Court. On July 2, 2025, the parties to that action began an evidentiary hearing regarding the petitioners' request for a preliminary injunction. While that hearing was originally scheduled to last only one day, it continued for a second day on July 3, 2025, and is scheduled for a third day on July 11, 2025. Because the undersigned counsel for Plaintiffs has been occupied with this hearing, completing the review of the administrative record in this action has been delayed.

///

///

///

**III.    REVISED SCHEDULE**

Based on the foregoing, Plaintiffs respectfully request a brief two-week extension of the deadline to file a motion challenging the scope of the administrative record. If granted, the schedule would be revised as follows:

**A.    Time for Serving Certified Record.**

Completed and closed.

**B.    Schedule for Briefing on the Scope of the Record.**

In the event Plaintiffs file a motion challenging the scope of the administrative record, seeking for the Court to consider extra-record evidence, or seeking discovery:

(1) Such motion shall be filed by ~~July 14, 2025~~ **July 28, 2025**. The filing of any such motion shall have the effect of vacating the summary judgment briefing schedule set forth below and the parties will propose a new schedule within fourteen days of the Court's ruling on the record/discovery motion.

(2) Federal Defendants shall file a response to any record/discovery motion by ~~July 28, 2025~~ **August 14, 2025**.

(3) Any reply in support of a record/discovery motion shall be filed by ~~August 4, 2025~~ **August 21, 2025**.

**C.    Schedule for Merits Briefing Absent Motion(s) Challenging the Record.**

In the event Plaintiffs do not file a motion challenging the scope of the administrative record, seeking for the Court to consider extra-record evidence or seeking discovery:

(1) Plaintiffs shall file their combined motion for summary judgment by **July 30, 2025**.

(2) Federal Defendants and Defendant McDade shall each file their respective consolidated cross-motion for summary judgment and response to Plaintiffs' combined motion for summary judgment by **August 29, 2025**. The parties agree to an expanded page limit of 45 pages due to the consolidated briefing.

(3) Plaintiffs shall file a consolidated response and reply to each respective consolidated cross-motion for summary judgment by **September 29, 2025**. The parties agree to an expanded page limit of 45 pages due to the consolidated briefing.

(4) Federal Defendants and Defendant McDade shall each file their respective reply in support of their cross-motion for summary judgment' by **October 14, 2025**.

Dated this 8th day of July, 2025.

        SEMENZA RICKARD LAW

        */s/ Jarrod L. Rickard, Esq.*
        Jarrod L. Rickard, Esq., Bar No. 10203
        Katie L. Cannata, Esq., Bar No. 14848
        10161 Park Run Drive, Ste. 150
        Las Vegas, Nevada 89145

        JOHN W. MUIJE & ASSOCIATES
        John W. Muije, Esq., Bar No. 2419
        3216 Lone Canyon Court
        N. Las Vegas, NV 89031

        THE LAW OFFICES OF CHARLES R. ZEH, ESQ.
        Charles R. Zeh, Esq., Bar No. 1739
        50 West Liberty St., Suite 950
        Reno, NV 89501

        *Attorneys for Plaintiffs*

**ORDER**

Although Defendant Steven McDade opposes the brief extension Plaintiffs request, having reviewed Plaintiffs' motion, the Court finds that they have shown good cause for the extensions they seek. *See* Fed. R. Civ. P. 6(b); *see* Fed. R. Civ. P. 16(b); *see* LR 26-3; *see* LR IA 6-1(a). So, the Court GRANTS Plaintiffs' motion (ECF No. 83).

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: July 10, 2025

# CERTIFICATE OF SERVICE

I am employed by the law firm of Semenza Rickard Law in Clark County, Nevada. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

On the 8th day of July, 2025, I served the document(s), described as:

**PLAINTIFFS' PARTIALLY UNOPPOSED MOTION TO CONTINUE DEADLINE TO FILE MOTION CHALLENGING SCOPE OF ADMINISTRATIVE RECORD**
(Seeks Modification of ECF No. 81)
(First Request)

☒ by sending ☐ an original ☒ a true and correct copy as follows:

☒ a. via **CM/ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

**UNITED STATES DEPARTMENT OF JUSTICE**
Michelle Ramus, Michelle.Ramus@usdoj.gov, efile_nrs.enrd@usdoj.gov
Amber Dutton-Bynum, amber.dutton-bynum@usdoj.gov, efile_nrs.enrd@usdoj.gov
Karissa Dawn Neff, Karissa.Neff@usdoj.gov, Cortney.Bivens@usdoj.gov,
Dionne.White@usdoj.gov, Liam.Pisan@usdoj.gov, maria.covarrubias@usdoj.gov,
Vera.Minkova@usdoj.gov
*Attorneys for Federal Defendants*

Steven Joseph McDade, smcdadetrking@yahoo.com
*Intervenor*

☐ b. **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Rickard Law's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. **BY PERSONAL SERVICE.**

☐ d. **BY DIRECT EMAIL.**

☐ e. **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Olivia A. Kelly
An Employee of Semenza Rickard Law