UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVIS GONZALES, *et al.*,<br><br>          Plaintiffs,<br>     vs.<br><br>THE UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF INDIAN AFFAIRS, *et al.*,<br>          Defendants. | Case No.: 2:24-cv-01629-GMN-DJA<br><br>**ORDER** |

Pending before the Court are several motions filed by Third-Party Intervenor Defendant Steven McDade. First, McDade filed a Motion for Cross Claim, (ECF No. 36), which the Court construes as a Crossclaim. Plaintiffs Joseph Holley, individually and on behalf of the Te-Moak Tribe of Western Shoshone Indians of Nevada (the "Tribe"), the Housing Authority of the Te-Moak Tribe of Western Shoshone Indians (the "Housing Authority"), and Defendants Bryan Newland, The United States Department of the Interior, and The United States Department of the Interior Bureau of Indian Affairs ("Federal Defendants") filed Responses (ECF Nos. 41, 60, 61).[1] McDade filed a Reply, (ECF No. 67). Second, McDade filed a Motion for Rule 65 Injunction, (ECF No. 44). Plaintiffs and Federal Defendants filed Responses, (ECF Nos. 49, 60). McDade filed Replies, (ECF Nos. 65, 67). Next, McDade filed two identical Motions for Sanctions against Plaintiffs, (ECF Nos. 54, 55). Plaintiffs and Federal Defendants filed Responses, (ECF Nos. 60, 63, 64). McDade filed Replies, (ECF Nos. 66, 67). Then

---

[1] The Court issued an "Order Lifting Stay and Setting Briefing Deadlines." The Order provided Plaintiffs with 30 days from the date of an amended complaint being filed to file a response to McDade's "Motion for Cross Claim." On January 6, 2025, Plaintiffs filed their First Amended Complaint for Judicial Review. While Plaintiffs previously submitted a Response to McDade's Motion for Cross Claim on November 8, 2024, (ECF No. 41), Plaintiffs submitted a Renewed Opposition, (ECF No. 61), in compliance with the Court's Order.

McDade filed a Motion for Default Judgment against Plaintiffs, (ECF No. 71). Plaintiffs filed a Response, (ECF No. 73), to which McDade replied, (ECF No. 75). Lastly, McDade filed another Motion for Sanctions against Plaintiffs, (ECF No. 72). Plaintiffs filed a Response, (ECF No. 74), to which McDade replied, (ECF No. 75).

For the reasons discussed below, the Court DISMISSES McDade's Crossclaim and DENIES the Motion for Rule 65 Injunction, Motions for Sanctions, and Motion for Default Judgment.

I. **BACKGROUND**

This case arises out of Plaintiffs' request for judicial review of an agency decision. On September 4, 2024, Joseph Holley, individually and purportedly on behalf of the Tribe, filed a Complaint seeking this Court's review and reversal of a tribal leadership recognition decision issued by the Director of the Bureau of Indian Affairs ("BIA") on June 26, 2024. (*See generally* Compl., ECF No. 1). On October 7, 2024, the Court denied Holley's motion for a preliminary injunction, granted motions to intervene filed separately by Steven McDade and the Housing Authority, and stayed the case pending the resolution of related consolidated appeals that were pending before the Assistant Secretary – Indian Affairs ("AS-IA"). (*See generally* Order Denying Prelim. Inj., ECF No. 34). On October 25, 2024, McDade filed a Motion for Cross Claim against Plaintiffs and Federal Defendants. (Crossclaim, ECF No. 36). Shortly after, McDade filed a Motion for Injunction pursuant to Federal Rule of Civil Procedure ("FRCP") 65. (Mot. Inj., ECF No. 44). McDade later filed two Motions for Sanctions pursuant to Rule 11 against Plaintiffs' attorneys. (Mots. Sanctions, ECF Nos. 54, 55).

On November 27, 2024, AS-IA issued a final decision resolving the pending consolidated appeals. (*See* Final Decision, Ex. 1 to Correction Joint Status Report, ECF No. 57-1). The Court subsequently lifted the stay, ordered Plaintiffs to file an amended complaint within 30 days, and ordered the parties to file responses to McDade's pending motions within

30 days of any amended complaint being filed. (*See* Order Lifting Stay and Setting Briefing Deadlines, ECF No. 58).

On January 6, 2025, Plaintiffs Davis Gonzales (Holley's replacement), individually and purportedly on behalf of the Tribe, and the Housing Authority filed an Amended Complaint naming Federal Defendants and McDade as Defendants. (*See* First Am. Compl. ("FAC"), ECF No. 59). The parties then responded to McDade's pending motions and answered the FAC.

## II. DISCUSSION

The Court addresses each pending motion in turn beginning with McDade's Crossclaim.

### A. Motion for Cross Claim

McDade filed his Crossclaim styled as a "Motion for Cross Claim." Crossclaims should be set forth via a pleading, not a motion. *See* Fed. R. Civ. Pro. 13. Because the Court must construe a pro se litigant's filings liberally, it construes the Motion for Cross Claim as a pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But because McDade filed his Crossclaim as a motion, a response and reply deadline was automatically triggered. Plaintiffs and Federal Defendants filed Responses moving for the Crossclaim to be dismissed. Because Plaintiffs and Federal Defendants move for dismissal, the Court construes their responses as Motions to Dismiss. Having addressed the Crossclaims procedural deficiencies, the Court moves on to the arguments for its dismissal.

#### 1. Legal Standard

Crossclaims are affirmative claims for relief filed by one party against a coparty. Moore's Fed. Practice § 13.60 (3d. 2014). Pursuant to Federal Rule of Civil Procedure Rule 13(g), "a pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim. . . ." "The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-

claimant." Fed. R. Civ. P. 13(g). Courts in the Ninth Circuit apply the same standard for motions to dismiss crossclaims and counterclaims as motions to dismiss a complaint. *See, e.g.*, *Threshold Enters. Ltd. v. Lifeforce Digital Inc.*, 730 F. Supp. 3d 940, 943–44 (N.D. Cal. 2024) (counterclaim); *Wada v. Aloha King*, LLC, 154 F. Supp. 3d 981, 1000 (D. Haw. 2015) (crossclaim).

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a [crossclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the cross-claimant pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that [an opposing party] has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the crossclaim cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### 2. Analysis

Federal Defendants argue that the crossclaims pled against them should be dismissed because McDade lacks the authority to bring crossclaims under the Criminal Code. (Federal Defs.' Omnibus Resp 3:1–2, ECF No. 60). Plaintiffs join this argument. (Pls.' Renewed Opp., ECF No. 61). McDade fails to address this argument in his Reply. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). Despite this deficiency, the Court will consider the merits of Federal Defendants' argument.

McDade brings claims under 18 U.S.C. § 371 and § 242 against Federal Defendants and Plaintiffs. (*See* Crossclaim at 1, ECF No. 36). These statutes fall under Title 18 of the United States Code, the main criminal code of the federal government of the United States. Title 18 U.S.C. § 371 is a federal conspiracy statute that makes it a crime to conspire to commit an offense against or to defraud the United States, and a violation of this criminal statute is punishable by fine, imprisonment or both. *See Dennis v. United States*, 384 U.S. 855, 861 (1966) (explaining the plain language of 18 U.S.C. § 371 has long been established to provide a criminal penalty for conspiracy *against* the United States). Title 18 U.S.C. § 242 makes it a crime for someone acting under the color of law to deprive a person of a right or privilege protected by the Constitution or laws of the United States, and a violation of this criminal statute is punishable by fine, imprisonment, or both, or, in some circumstances, the death penalty.

Private citizens have no authority to initiate criminal prosecutions and cannot enforce criminal statutes through civil actions. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially

cognizable interest in the prosecution or nonprosecution of another."); *Tia v. Crim. Investigation Demanded as Set Forth*, 441 Fed. App'x 457, 458 (9th Cir. 2011) (stating a private party plaintiff "lacks standing to compel an investigation or prosecution of another person"). As such, McDade does not have authority to enforce either of these provisions of the criminal code against Federal Defendants (or any party for that matter). *See Henry v. Universal Technical Inst.*, 559 F. App'x 648, 650 (9th Cir. 2014) (affirming dismissal of 18 U.S.C. § 371 claim alleged in a civil action because statute does not provide a right of action); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (affirming dismissal of 18 U.S.C. § 242 claim alleged in civil action because the criminal statute "provide[d] no basis for civil liability").

Even assuming that McDade could enforce these criminal statutes via a civil action by virtue of some federal waiver of sovereign immunity, which he cannot, he has not identified a waiver or right of action that would allow him to otherwise pursue the pleaded claims against Federal Defendants. *See Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Thus, the claims under 18 U.S.C. § 371 and § 242 alleged against Federal Defendants and Plaintiffs are dismissed with prejudice because there are no facts that McDade could allege to overcome the deficiencies stated above. *See DeSoto*, 957 F.2d at 658. However, it is unclear whether McDade could assert different counterclaims against Plaintiffs or crossclaims against Federal Defendants. Thus, McDade's Crossclaim is DISMISSED, but he shall have leave to amend his Crossclaim to assert proper civil claims as appropriate.

### B. Motion for Injunction

McDade also moves for an injunction under FRCP 65. (*See generally* Mot. Inj., ECF No. 44). FRCP 65 governs preliminary injunctions. A preliminary injunction may be issued if a

movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

For the reasons discussed above, McDade fails to meet his burden of establishing a likelihood of success on the merits because he has no authority to initiate criminal prosecutions and cannot enforce criminal statutes through civil actions. Moreover, because the Court dismissed McDade's Crossclaim, there is no case or controversy pending before the Court, and the Court cannot issue injunctive relief. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it."). Therefore, the Court DENIES McDade's Motion for Injunction.

### C. Motions for Sanctions

McDade moves for sanctions under FRCP 11 in three separate motions.[2] (*See* First Mot. Sanctions, ECF No. 54); (Second Mot. Sanctions, ECF No. 55); (Third Mot. Sanctions, ECF No. 72). In the first two motions, McDade argues that sanctions are warranted because Plaintiffs' counsel violated this Court's Order, Nevada Rules of Professional Conduct, and are harassing him. (*See generally* First Mot. Sanctions). In the third motion, he argues that

---

[2] McDade's first and second Motion for Sanctions are duplicate filings. The Court cites only the first motion throughout this discussion, but its conclusions regarding the first Motion for Sanctions apply to the second motion.

Plaintiffs' counsel should be sanctioned because Plaintiffs' counsel assaulted him, causing injury to his left shoulder.³ (*See generally* Third. Mot. Sanctions). McDade states that a matter is pending before another court regarding the assault. (*Id.*). Plaintiffs argue that sanctions should be denied because McDade failed to provide notice of his intent to file any of his Motion for Sanctions. (*See* Resp. to Third Mot. Sanctions 2:18–19, ECF No. 74).

The Court declines to reach the merits of McDade's Motions for Sanctions because they are procedurally flawed. Pursuant to FRCP 11(c)(2), "[a] motion for sanctions . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." In a Reply, McDade states that the Court has discretion to decide whether to apply FRCP 11's safe harbor requirement but does not support this statement with caselaw. McDade also states that "he *will* give notice of his motion under the safe harbor rule." (Mot. Sanctions Reply at 3, ECF No. 75) (emphasis added). The Court therefore finds that McDade failed to comply with FRCP 11's safe harbor requirement because he did not provide any notice of his intention to file a request for sanctions to Plaintiffs' undersigned counsel for any of his Motions for Sanctions. Accordingly, McDade's Motions for Sanctions are DENIED without prejudice. McDade may refile a Motion for Sanctions following the correct procedure so that the parties may fully brief the merits of such a motion. If the assault allegations are true, it is likely that the Court would consider such action sanctionable conduct.

**D. Motion for Default**

McDade also moves for default judgment under FRCP 55. (*See generally* Mot. Default, ECF No. 71). Obtaining default judgment is a two-step process governed by FRCP 55. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an

---

³ Plaintiffs' counsel refutes these allegations, stating that they have never assaulted, or even threatened to assault, McDade with any physical violence or harm. (Resp. to Third Mot. Sanctions 3:1–7).

entry of default from the clerk of court. Fed. R. Civ. Pro. 55(a). Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.* After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b). A cross-claimant, like McDade, may move for default judgment under FRCP 55. *See generally Massa v. Jiffy Prods. Co.*, 240 F.2d 702 (9th Cir. 1957).

Here, McDade titles the pending motion as a Motion for Default but requests default judgment by the Court. He argues that default judgment is appropriate because Plaintiffs failed to respond to his filing by the Court's February 25, 2025, deadline. (Mot. Default at 2). McDade fails to identify what the filing is, but after reviewing the docket, the Court believes he is referring to Plaintiffs' failure to respond to his Motion for Extension of Time, (ECF No. 68). The Court finds that default judgment is not warranted for three reasons. First, because the Court dismissed McDade's Crossclaim, there is currently no judgment for affirmative relief requested by McDade, so he cannot move for default judgment under Rule 55. Fed. R. Civ. P. 55 advisory committee's note to 2007 amendment ("Rule 55(a) applies Rule 55 to any party against whom a judgment for affirmative relief is requested."). Second, even if there was an operative Crossclaim, default judgment would be inappropriate because Plaintiffs have not failed to plead or otherwise defend against the Crossclaim McDade filed. It is true that Plaintiffs did not file a Response to the Motion for Extension of Time, but the Court does not construe that as a failure to defend, rather its construed as a non-opposition to McDade's motion. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion. . . constitutes a consent to the granting of the motion."). Lastly, McDade failed to follow the two-step procedural process outlined in FRCP 55 because he failed to request that the Clerk of Court enter default before moving the Court for default judgment. Because McDade's Motion for Default is procedurally flawed and fails on the merits, the Court DENIES the motion.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that McDade's Motion for Cross Claim, (ECF No. 36), which the Court construes as a Crossclaim, is **DISMISSED**. McDade shall not re-plead his claims arising under the criminal code because they are dismissed with prejudice. But the Court grants McDade leave to amend his Crossclaim if he can allege civil claims against coparties/counterparties. McDade shall have 21 days from the date of this Order to file an Amended Crossclaim/Counterclaim. Petitioner is advised to consult the Federal Rules of Civil Procedure, including but not limited to FRCP 13, to amend his Crossclaim/Counterclaim. Failure to file an Amended Crossclaim/Counterclaim shall result in McDade proceeding only as a Defendant in this action.

**IT IS FURTHER ORDERED** that McDade's Motion for Injunction, (ECF No. 44), is **DENIED**.

**IT IS FURTHER ORDERED** that McDade's Motion for Sanctions, (ECF No. 54), is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that McDade's Motion for Sanctions, (ECF No. 55), is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that McDade's Motion for Default Judgment, (ECF No. 71), is **DENIED.**

**IT IS FURTHER ORDERED** that McDade's Motion for Sanctions, (ECF No. 72), is **DENIED without prejudice.**

**DATED** this __16__ day of July, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT